922 F.2d 835
 1991-1 Trade Cases 69,292
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
AUTOMATED MAILING AND PROCESSING SYSTEMS, INC., Plaintiff-Appellant,
v.
COST CONTAINMENT INC., Don Morrison, Robert Stewart, Defendants,
and
United States of America, Appellee.
 No. 90-3033.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 29, 1990.
Decided Jan. 9, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-89-745-5-CIV-B)
 M. Annette Rhodes, Allen & Pinnix, Raleigh, N.C. (Argued), for appellant; Noel L. Allen, Allen & Pinnix, Raleigh, N.C., on brief.
 Eileen Coffey, Assistant United States Attorney, Raleigh, N.C. (Argued), for appellee; Margaret Person Currin, United States Attorney, Stephen A. West, Assistant United States Attorney, Raleigh, N.C., on brief.
 E.D.N.C.
 AFFIRMED.
 Before CHAPMAN, Circuit Judge, BUTZNER, Senior Circuit Judge, and C. WESTON HOUCK, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The principal issue in this appeal is whether a district court properly declined to enforce a subpoena duces tecum against the United States in connection with a state court civil suit to which the government is not a party. The United States District Court for the Eastern District of North Carolina found that the doctrine of sovereign immunity prevented the court from enforcing a state court subpoena instituted by Automated Mailing & Processing Systems, Inc. (Automated Mailing), against the United States. Finding no error, we affirm the order of the district court granting the United States' motion to quash Automated Mailing's subpoena.
 
 
 2
 The dispute arises out of the attempts of Erthel Hines, the president of Automated Mailing, to retrieve materials he provided the United States Attorney's Office for the Eastern District of North Carolina. Hines was approached by representatives of a competitor who sought his participation in a bid rigging scheme. When Hines informed the United States Attorney of the incident, he was asked to cooperate in recording conversations with the parties involved in the scheme. Hines cooperated in taping several conversations and turned over all the tapes to the United States Attorney.
 
 
 3
 When Hines learned that the United States Attorney did not intend to prosecute the alleged bid riggers, Automated Mailing filed a civil suit in the General Court of Justice, Superior Court Division, of Wake County, North Carolina, against those competitors who participated in the alleged bid rigging. Automated Mailing & Processing Systems, Inc. v. Cost Containment, Inc., No. 87 CVS 10928 (Gen.Ct.Justice, Super.Ct.Div.). In the course of that suit, Automated Mailing filed a third party subpoena, directing the Custodian of Records of the United States Department of Justice to produce the tapes made with Hine's cooperation for use as evidence in the civil case. In opposition to Automated Mailing's motion to compel production of the tapes, the United States Attorney argued that federal regulations prohibit him from providing the tapes. The Superior Court judge nonetheless issued the subpoena, granted Automated Mailing's motion to compel, and ordered the United States to produce the tapes or copies of the tapes within 30 days.
 
 
 4
 The United States then removed the subpoena proceedings to the United States District Court for the Eastern District of North Carolina. Raising the defense of sovereign immunity, the government moved to quash the subpoena and set aside the order requiring discovery. The district court subsequently granted the motion to quash on the ground that the court lacked jurisdiction to compel the United States to comply with the subpoena.
 
 
 5
 The doctrine of sovereign immunity prevents the United States, as well as federal officials acting within the scope of their authority, from being sued without their consent. United States v. Sherwood, 312 U.S. 584, 586 (1941); Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689 (1949).
 
 
 6
 The federal enabling statute and regulations at issue here disclose that the Department of Justice has permitted a limited waiver of sovereign immunity for disclosure of some documents under specified conditions. The head of an executive department, such as the Department of Justice, may regulate the conduct of his employees and "the custody, use, and preservation of its records, papers, and property." 5 U.S.C. Sec. 301 (1988). In United States ex rel. Touhy v. Ragen, 340 U.S. 462, 467-68 (1951), the Court interpreted 5 U.S.C. Sec. 22, from which 5 U.S.C. Sec. 301 derives, as meaning that the Attorney General could, by regulation, take from his subordinates the discretion to determine whether documents in their custody should be disclosed. Accordingly, the Department of Justice has adopted regulations prohibiting the disclosure of "any information relating to or based upon material contained in the files of the Department ... without prior approval of the proper Department official...." 28 C.F.R. Sec. 16.22(a) (1989). The United States Attorney for the relevant jurisdiction is charged with determining whether the requested materials should be produced. 28 C.F.R. Secs. 16.22, 16.24(a) (1989).
 
 
 7
 Federal regulations also govern what matters must be considered in deciding what can be disclosed. As the district court noted, the regulation at issue in this case states that no Justice Department official may disclose materials if they constitute investigatory records compiled for law enforcement purposes and if disclosure would interfere with enforcement proceedings or reveal investigative techniques and procedures, "the effectiveness of which would thereby be impaired." 28 C.F.R. Sec. 16.26(b)(5) (1989). The United States Attorney has determined that disclosure of the requested tapes is prohibited by Sec. 16.26(b)(5).
 
 
 8
 Nevertheless, a further subsection of the same regulation provides that the Deputy or Associate Attorney General may approve disclosure of the materials described in Sec. 16.26(b)(5), if "the administration of justice requires disclosure." 28 C.F.R. Sec. 16.26(c) (1989). When disclosure of Sec. 16.26(b)(5) materials is necessary to pursue a civil or criminal prosecution, the appropriate officials must consider the following factors when making the disclosure decision: the seriousness of the crime involved; the past history or criminal record of the violator; the importance of the relief sought; the importance of the legal issues presented; and any other matters brought to the attention of the Deputy or Associate Attorney General. Sec. 16.26(c).
 
 
 9
 We affirm the order of the district court granting the United States' motion to quash the subpoena. However, we do so without prejudice to Automated Mailing's right to seek the tapes pursuant to Sec. 16.26(c).